IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Derreak Lamont McMillian,<br>Petitioner, | )<br>)<br>) |
| v. | )     1:17cv243 (AJT/MSN) |
| Harold Clarke,<br>Respondent. | )<br>)<br>)<br>) |

MEMORANDUM OPINION

Derreak Lamont McMillian, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of convictions entered in the Circuit Court of the City of Chesapeake. The matter is before the Court on the respondent's Motion to Dismiss the petition.

**I. Background**

In December, 2009, McMillian was convicted following a jury trial of murder, grand larceny, and use of a firearm in the commission of a felony. He received an aggregate sentence of 68 years imprisonment with ten years suspended. Case Nos. CR07-2291, -2292 and -2310. The convictions were affirmed in an unpublished memorandum opinion on March 1, 2011. McMillian v. Commonwealth, R. No. 0455-10-1 (Va. Ct. App. Mar. 1, 2011). On August 26, 2011, the Supreme Court of Virginia refused McMillian's petition for further appeal. McMillian v. Commonwealth, R. No. 110592 (Va. Aug. 26, 2011).

On May 8, 2005, McMillian filed a petition for unspecified relief in the Circuit Court of the City of Chesapeake. Case No. CL15001143-00. It appears from the Virginia Courts Case Information System that the petition may still remain pending, as the website does not indicate its

disposition. On August 21, 2015, McMillian also filed a complaint for unspecified relief in the same court. Case No. 15001944-00. In that instance judgment was entered for the defendant on October 27, 2015, and McMillian filed an appeal on November 18, 2015.

McMillian filed the instant petition for habeas corpus relief on February 17, 2017.[1] In it, he makes the following claims:

1. The trial court abused its discretion by admitting evidence of other crimes.

2. He was the victim of prosecutorial misconduct when the Commonwealth proffered false information to the trial court regarding other crimes he allegedly committed.

3. When "the prejudicial presentment of [evidence of] other crimes being committed" is discounted, the remaining evidence is insufficient to sustain the convictions.

On May 30, 2017, respondent filed a Rule 5 Response and a Motion to Dismiss the petition with a supporting brief, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. [Dkt. No. 16 - 19] Petitioner subsequently filed a reply in opposition. [Dkt. No. 20] Accordingly, this matter is ripe for disposition.

## II. Analysis

Respondent advances several arguments regarding the adjudication of this petition, all of which are meritorious. The Court finds that the threshold and hence dispositive consideration is

---

[1] Because petitioner is incarcerated, the filing date of his motion is deemed to be the date he delivered it to prison authorities for mailing. Houston v. Lack, 487 U.S. 266 (1988). The petition in this case was executed on February 17, 2017, Dkt. No. 1 at 18, and in the absence of evidence to the contrary the Court assumes it was delivered for mailing that same day.

2

the fact that the petition is time-barred.

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In this case, the Supreme Court of Virginia refused McMillian's petition for review on direct appeal on August 26, 2011. McMillian v. Commonwealth, R. No. 110592. Therefore, the conviction became final ninety (90) days later, on November 24, 2011, when the time expired during which he could have petitioned the United States Supreme Court for a writ of certiorari. See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007). Thus, the §2254(d) one-year limitations period began to run on that date.

In calculating the one-year limitations period, the Court generally must exclude the time during which properly-filed state collateral proceedings pursued by a petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, however, McMillian did not commence postconviction proceedings until August and October of 2015, when he filed the two actions in the trial court described above. Since by then well over three years had elapsed since his convictions had become final, the pendency of those state actions could no longer toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state

petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.")[2] Accordingly, this petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)).

On the face of his petition, McMillian argues "that the statute of limitations, which is a procedural bar to the consideration of the petition, does not apply ... in that I am actually innocent of the crime for which I was convicted." Pet. at 16. In McQuiggin v. Perkins, 569 U.S. __ , 133 S.Ct. 1924 (2013), the Supreme Court held that a convincing claim of actual innocence can overcome the §2254(d) statute of limitations. As with an actual innocence claim in the context of other procedural defaults, however, the exception applies only in a "severely confined category" - that is, cases in which reliable new evidence shows that "it is more likely than not that 'no reasonable juror' would have convicted" the petitioner had the evidence been available at trial. Id., 133 S.Ct. at 1928, quoting Schlup v. Delo, 513 U.S. 298, 329 (1995). It is readily apparent that petitioner's argument in this case falls short of meeting that exacting standard.

McMillian argues specifically that he "recently came into possession of evidence" that two North Carolina charges were wrongfully included in the prosecution's proffer of "other

---

[2]Because these state postconviction actions were filed after the AEDPA limitations period expired, it is unnecessary to consider whether they were "properly filed" or to attempt to clarify their natures which at present are unclear.

crimes" evidence, because one was dismissed after his trial on the instant charges and the other was not his at all. Pet. at 16; Reply at 2. He attributes their inclusion in the proffer to prosecutorial misconduct, and he does not supply copies of the alleged newly-discovered evidence to which he refers. McMillian concludes that "use of this newly-discovered evidence, which discounts other evidence, shows that I did not commit the crimes which I was found guilty of ...." Pet. at 16.

On direct appeal, McMillian argued that the trial court abused its discretion in admitting evidence showing that he had committed other crimes for the purpose of establishing his identity through *modus operandi*. The Court of Appeals of Virginia rejected his contention for the following reasons:

> Here, there was sufficient evidence, other than the evidence of [McMillian's] prior crimes, to find [him] guilty beyond a reasonable doubt. [McMillian] stole a dump truck and drove it to a truck stop, where the victim confronted him. [McMillian] shot the victim who died from the gunshot wounds. A witness was close enough to the scene to observe that the driver of the dump truck was wearing a brown fatigue jacket and glasses.
>
> [McMillian] had driven away from the scene. The police received a report of the shooting, saw the dump truck, and followed it until it traveled over railroad tracks. When the police were eventually able to access the dump truck, the passenger seat and passenger area of the cab were on fire. As the police and fire [sic] responded to the incident, [McMillian], who lived nearby, returned to the scene and asked Officer Goolsby what happened. Goolsby took [McMillian's] name and address and sent detectives to the address. That same night, detectives went to [McMillian's] residence and found a jacket, which matched the description of the jacket worn by the driver of the dump truck, on the front porch. The detectives obtained a search warrant and found a 9-millimeter Hi-Point handgun on the wheel well of a car parked in the driveway. The police also found two 9-millimeter cartridges inside the cab of the dump truck. The assistant chief medical examiner testified that bullets were recovered from inside the victim's body.

> At trial, the Commonwealth called a firearms expert to testify at the trial. By comparing the cartridges found in the cab of the dump truck and the gun found in the wheel well of the car in [McMillian's] driveway, the firearms expert was able to determine that the cartridges were fired from the gun. In addition, the firearms expert testified that the bullets from the victim were fired from the same gun.
>
> The gun belonged to a woman appellant knew. [McMillian] dated the woman's sister and stayed at their house. [McMillian] was with the woman when she bought the gun and later helped her with the gun when it jammed. A few days later, the woman noticed that the gun was missing, and around the same time, [McMillian] stopped coming to her house. The woman confronted [McMillian] about the missing gun, and he denied taking it but offered to pay her for it.
>
> Considering the circumstances of this case, there was substantial evidence supporting the determination of the jury. The evidence of the prior crimes did not substantially influence the verdict because there was sufficient evidence, particularly regarding the circumstantially corroborated eyewitness testimony, the circumstances regarding the gun used in the crime, and the testimony of the firearms expert, to find [McMillian] guilty beyond a reasonable doubt. Thus, it cannot be said with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was substantially swayed by the error alleged therein. Assuming without deciding that there was an error in admitting the evidence of the prior crimes, it was harmless.

McMillian v. Commonwealth, R. No. 0455-10-1, slip op. at 3-4. Because the foregoing opinion was the last reasoned state court decision, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

The AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro v. Mandrigan, 550 U.S. 465, 473-74 (2007). Based upon the facts described by the Virginia courts, it is readily apparent that there was ample evidence presented to support

McMillian's convictions aside from the evidence of his prior crimes. Here, then, assuming without deciding that the alleged newly-discovered evidence would call into question two of the prior crimes, their inclusion in the prosecution's proffer cannot be said to have affected the outcome of the trial. Accordingly, the newly-discovered evidence alleged by petitioner in support of his actual innocence claim is insufficient to meet the requirements of McQuiggin, 133 S.Ct. at 1928, and does not suffice to overcome the §2254(d) statute of limitations. See U.S. v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000) (actual innocence exception is satisfied only by a showing of actual factual innocence; a showing that petitioner is legally but not factually innocent does not suffice).

In his reply to the respondent's Motion to Dismiss, McMillian argues that the he exercised diligence in pursuing the newly-discovered evidence but was limited in his ability to do so "considering [his] incarceration." Reply, ¶¶ 3 - 4. While petitioner does not use the term, this argument might be liberally construed in deference to his pro se status as seeking equitable tolling of the limitations period. The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, 560 U.S. 631 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). To qualify for equitable tolling, a petitioner must demonstrate both (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649, citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate fulfillment of both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d

7

12304, 1307 (11th Cir. 2008)). The petitioner generally is obliged to specify the steps he took in diligently pursuing his federal claim. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); see also, Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Here, McMillian's conclusory allegation that his status as a prisoner prevented him from pursuing federal habeas relief more diligently falls well short of these requirements, and because he fails to demonstrate any meritorious grounds for such relief, he is not entitled to equitable tolling of the limitations period.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice, as time-barred. An appropriate Order and judgment shall issue.

Entered this 30th day of November 2017.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge

8